

FILED

January 15, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 11:18 AM

## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

EMPLOYEE: VERNA SILAS

EMPLOYER: BROCK SERVICES

INSURANCE CARRIER: ESIS

DOCKET #: 2014-02-0013
STATE FILE #: 65583-2014
DATE OF INJURY: 08/15/2014

### EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge on the 12th day of January, 2015, upon the Request for Expedited Hearing filed by Employee, Verna Silas. Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court hereby finds as follows:

On December 19, 2014, Ms. Silas filed a Request for Expedited Hearing with the Tennessee Court of Workers' Compensation Claims, Division of Workers' Compensation, pursuant to Tennessee Code Annotated section 50-6-239 to determine if the provision of medical benefits and temporary benefits is appropriate.

### ANALYSIS

#### Issue

Whether Ms. Silas sustained a compensable injury on August 15, 2014, and, if so, whether she is entitled to temporary total disability benefits.

#### Evidence Submitted

The following witnesses testified:

- Verna Silas
- Alysia Silas

#### Technical Record

The Court designated the following as the technical record:

1

- Exhibit 1: Petition for Benefit Determination
- Exhibit 2: Dispute Certification Notice
- Exhibit 3: Request for Expedited Hearing

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings as allegations unless established by the evidence.

**Parties Exhibits**

The following exhibits were admitted into evidence:

- Exhibit 4: Medical Records-Stipulated by Parties
- Exhibit 5: Employee's Short-Term Disability Application
- Exhibit 6: Wage Statement

**History of Claim**

Ms. Silas performed material handling for Brock Services. As a material handler, she lifted fifty-five (55) pound bags of material and placed them on a pallet. Her job also required moving the pallet into location and wrapping the pallet when she completed stacking it. On August 15, 2014, Ms. Silas' back popped when she moved a bag of material. She later told her supervisor, Ralph Owens, that her back hurt. He asked her why her back hurt, and she told him she did not know for sure but that it popped when she moved a bag of material. Mr. Owens allowed Ms. Silas to finish her work day performing light duty work.

Ms. Silas came to work the next day and her back began to hurt with pain radiating down into her leg. She again told her supervisor that her back hurt. He allowed her to do light-duty work that day. Employee did fill out forms for Employer, but she did not go to Employer's in-house medical clinic because the clinic was closed.

Ms. Silas came to work on August 18th and went to the on-site medical clinic. The nurse applied gel to her back, but it did not relieve the pain. Ms. Silas worked light-duty the whole day. The following day, Ms. Silas met with human resources regarding her back. At the conclusion of the meeting, Ms. Silas understood meeting that she needed to obtain a statement from her doctor regarding her back.

Ms. Silas went to Kingsport First Assist on August 20, 2014. Ms. Silas did not have workers' compensation approval for this visit. Dr. Sonya Marden evaluated her and recommended lumbar spine x-rays. The radiologist noted degenerative changes to Ms. Silas's lower two lumbar facets and kidney stones. Dr. Marden instructed Ms. Silas to follow-up with her primary care provider.

Ms. Silas returned to Brock Services to discuss her doctor visit. Employer representatives asked her if she wanted to file for short-term disability or workers' compensation. Ms. Silas replied she wanted to file for workers' compensation, and did so. On August 22, 2014, ESIS, Brock

Services' workers' compensation carrier, filed a Notice of Denial of Claim for Compensation on the basis that Employee suffered from a pre-existing condition and had presented no evidence of a work-related injury.

Ms. Silas returned to First Assist on August 29, 2014. Dr. Anastasia Brown examined her that day. The history of present illness indicated Ms. Silas reported low back pain resulting from a lifting motion. The notes reflect that Ms. Silas' symptoms had resolved and that she requested a work release. Dr. Brown's assessed low-back pain and released Ms. Silas to full-duty work. Ms. Silas returned to work.

Employee filed a Petition for Benefit Determination with this Court on September 22, 2014. Employer at some point provided Ms. Silas a panel of physicians. Ms. Silas chose Dr. Sanjeev Kakkar, who evaluated her on October 14, 2014.

Dr. Kakkar obtained Ms. Silas' history and performed a physical exam. He also reviewed her prior medical records starting in December 2012. He indicated in his review that Ms. Silas had prior-back pain and kidney stones. Following his exam, Dr. Kakkar opined that Ms. Silas had lumbar pain due a combination of lumbar facets degeneration, chronic nephrolithiasis, and repetitive labor over a period of time. He also opined within a reasonable degree of medical certainty that "Ms. Silas's [sic] back pain was not primarily caused by her employment".

Ms. Silas continued to seek medical treatment, short-term disability, and workers' compensation benefits after her visit with Dr. Kakkar. On December 9, 2014, Ms. Silas went to Associated Orthopaedics of Kingsport, P.C., for unauthorized treatment The providers there (unable to read signature) diagnosed her with lumbar back pain, recommended light-duty work, and prescribed physical therapy two (2) to three (3) times a week for four (4) to six (6) weeks. The provider assigned light-duty restrictions through January 8, 2015. On December 19, 2014, Ms. Silas completed a short-term disability form. She marked that her request did not arise from a work injury. She described the injury as "back pain lower pain in back and legs".

Ms. Silas' original Petition for Benefit Determination requested temporary disability benefits and medical benefits. She later withdrew the request for medical benefits and requested just three-and-one half (3½) weeks of temporary total disability benefits. The parties did not reach an agreement about the issue. This matter came before the Court on January 12, 2015.

**Employee's Contentions**

Ms. Silas contends she injured her back lifting heavy items at work. She acknowledges she has a history of back pain and kidney stones, but she asserts a change in the way her back hurts. She relies on doctors' notes as proof that she suffered a back injury at work and that she should be paid for the time she missed work due to her back pain. Ms. Silas does not feel Dr. Kakkar's exam was adequate to make a determination regarding her back.

3

## Employer's Contentions

Brock Services contends that Ms. Silas has failed to prove she suffered a work injury. It asserts that the medical records indicate Ms. Silas has suffered from chronic back pain and kidney stones, which are unrelated to a work-injury. It also contends that Dr. Kakkar's opinion is the only opinion addressing the work-relatedness of her injury, and his opinion proves her injury did not primarily arise out of and in the course and scope of her employment.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

When determining whether to award benefits, the Judge must decide whether the moving party is likely to succeed on the merits at trial given the information available. *See generally, McCall v. Nat'l Health Care Corp.*, 100 S.W.3d 209, 214 (Tenn. 2003). In a workers' compensation action, pursuant to Tennessee Code Annotated section 50-6-239(c)(6), Employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. Employee must show the injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13).

### *Factual Findings*

The evidence proves Employee reported a back injury on August 15, 2014. Brock Services provided her a panel of physicians, and she chose Dr. Kakkar as the authorized treating physician. Dr. Kakkar opined that Ms. Silas had lumbar pain due to a combination of lumbar facts degeneration, chronic nephrolithiasis, and repetitive labor over a period of time. He also opined within a reasonable degree of medical certainty that her back pain was not primarily caused by her employment.

### *Application of Law to Facts*

The issue in this case is whether Ms. Silas has presented sufficient evidence to prove she suffered a compensable injury. Tennessee Code Annotated Section 50-6-102(13) defines injury as follows:

> "Injury" or "personal injury" mean an injury by accident, a mental injury, occupational disease including diseases of the heart, lung and hypertension, or cumulative trauma conditions including hearing loss, carpal tunnel syndrome or any other repetitive motion conditions, arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee; provided, that:
>
> > (A)   An injury is "accidental only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of

4

employment, and is identifiable by time and place of occurrence, and shall not include the aggravation of a preexisting disease, condition or ailment unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment;

(B)   An Injury "arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes;

(C)   An injury causes death, disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing death, disablement or need for medical treatment, considering all causes.

Ms. Silas testified that she injured her back on August 15, 2014. Her testimony was specific as to the incident that occurred on the day in question. Ms. Silas has the burden to prove her injury arose primarily out of and in the course and scope of employment. Except in the most obvious, simple and routine cases, the claimant in a workers' compensation action must establish by expert medical evidence the causal relationship alluded to above between the claimed injury (and disability) and the employment activity. *Masters v. Industrial Garments Mfg. Co.*, 595 S.W.2d 811, 812 (Tenn. 1980). Ms. Silas did not suffer an obvious, simple injury considering her prior history. Dr. Kakkar provided a causation opinion and concluded that her work did not primarily cause her injury. As the panel doctor, his opinion is presumed correct, but it can be rebutted by the preponderance of the evidence. Tenn. Code Ann. § 50-6-102(13)(E). The Court finds the remaining medical evidence does not rebut the presumption given Dr. Kakkar's opinion as it does not address causation and points to pre-existing conditions as the cause of Ms. Silas' pain.

Based upon all the evidence submitted, Employee has failed to prove she suffered a compensable injury, and therefore her request for temporary total disability benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1.  Ms. Silas' claim against Brock Services or its workers' compensation carrier for the requested temporary total disability benefits is denied on the grounds of compensability.

2.  This matter is set for Initial Hearing on March 12, 2015, at 3:00 p.m. eastern time.

**ENTERED this the 15th day of January 2015.**

5

**BRIAN K. ADDINGTON**
**Workers' Compensation Judge**

Initial Hearing:

An Initial Hearing has been set with Judge Brian K. Addington, Court of Workers Compensation. You must call 865-594-6538 or toll free at 855-543-5044 to participate in the Initial Hearing.

Please Note: You must call in on March 12, 2015, at 3:00 p.m. eastern time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the

6

following recipients by the following methods of service on this the 15th day of January, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Verna Silas | x | x | | | | |
| E.Lauderback, Esq. | | | | | x | elauderback@lawyerfirm.com |

PENNY SHRUM
CLERK OF THE COURT

7